UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
SHAMAR TURNER,

                           Plaintiff,

       - against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, NEW YORK CITY POLICE OFFICER
DETECTIVE WILLIAM SELIGSON IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY, BRONX COMMUNITY
COLLEGE PUBLIC SAFETY OFFICER LIEUTENANT
SAUL FRAGUADA IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY, BRONX COMMUNITY COLLEGE
PUBLIC SAFETY OFFICER SERGEANT PEDRO SOTO
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, BRONX
COMMUNITY COLLEGE PUBLIC SAFETY OFFICER
INVESTIGATOR ANGEL IRIZARY IN HIS OFFICIAL
AND INDIVIDUAL CAPACITY, BRONX COMMUNITY
PUBLIC SAFETY OFFICER INVESTIGATOR ALEXANDRA
TORRES IN HER OFFICIAL AND INDIVIDUAL CAPACITY,
BRONX COMMUNITY PUBLIC SAFETY OFFICER CORPORAL
SIXTO VELASQUEZ IN HIS OFFICIAL AND INDIVIDUAL
CAPACITY, BRONX COMMUNITY PUBLIC SAFETY OFFICERS
JOHN DOES #1-6 IN THEIR OFFICIAL AND INDIVIDUAL
CAPACITIES,

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

                          Defendants,
------------------------------------------------------------------------------------X

Plaintiff, SHAMAR TURNER, by his attorney, SARA L. ABIBOUTROS, ESQ., complaining of the Defendants herein, respectfully alleges as follows:

## **JURISDICTION**

1. Plaintiff brings this civil action, seeking compensatory damages, punitive damages, costs and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. This Court can also exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because they are derived from the same nucleus of operative facts as the federal law claim such that Plaintiff would ordinarily expect to try them in one proceeding.

5. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages.

## VENUE

6. Venue is proper in this judicial district under 45 U.S.C. § 56 and 28 U.S.C. § 1391 because Defendants transact business, committed an illegal and/or tortious act, has an agent, and/or is found in this district, and because a substantial part of the events described herein occurred in this district.

7. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

8. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

9. At all times relevant hereto, Plaintiff, SHAMAR TURNER (hereinafter "Turner"), was and is a natural person, residing in the County of Bronx and State of New York.

10. At all times relevant hereto, Defendant LIEUTENANT SAUL FRAGUADA (hereinafter "Fraguada") was and is a natural person, employed as a New York State Campus Public Safety Officer at Bronx Community College, an entity that operates under the auspices of the State of New York.

11. At all times relevant hereto, Defendant SERGEANT PEDRO SOTO (hereinafter "Soto") was and is a natural person, employed as a New York State Campus Public Safety Officer at BCC, an entity that operates under the auspices of the State of New York.

12. At all times relevant hereto, Defendant INVESTIGATOR ANGEL IRIZARY (hereinafter "Irizary") was and is a natural person, employed as a New York State Campus Public Safety Officer at Bronx Community College, an entity that operates under the auspices of the State of New York.

13. At all times relevant hereto, Defendant INVESTIGATOR ALEXANDRA TORRES (hereinafter "Torres") was and is a natural person, employed as a New York State Campus Public Safety Officer at Bronx Community College, an entity that operates under the auspices of the State of New York.

14. At all times relevant hereto, Defendant CORPORAL SIXTO VELASQUEZ (hereinafter "Velasquez") was and is a natural person, employed as a New York State Campus Public Safety Officer at Bronx Community College, an entity that operates under the auspices of the State of New York.

15. At all times relevant here to, Defendants JOHN DOES #1-6, were and are natural persons, employed as New York State Campus Peace Officers at Bronx Community College, an entity that operates under the auspices of the State of New York.

16. At all times relevant hereto, Defendant CITY OF NEW YORK (hereinafter "the City") was and is a municipal corporation organized and existing pursuant to the laws of the State of New York.

17. At all times relevant hereto, Defendant NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD") was and is a municipal corporation organized and existing pursuant to the laws of the State of New York.

18. At all times relevant hereto, Defendant the City, was and is the employer of the individual NYPD Police Officer Defendants and was and is at all times to relevant to this complaint responsible for the policies, practices, and customs of the NYPD.

19. At all times relevant hereto, Defendant NYPD DETECTIVE WILLIAM SELIGSON, was and is a natural person, employed as a police officer by Defendant NYPD and Defendant City of New York.

20. That all conditions precedent to the bringing of this action have been complied with.

21. The individual Defendants are sued in both their individual and official capacities.

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates, and realleges each and every allegation hereinabove as if more fully set forth at length herein.

23. On or about October 22, 2015, at approximately 6:35 P.M., Turner was a twenty-six (26) year-old full-time college student at BCC studying sociology, a Veteran of the United States Army, and a member of the Army Reserves.

24. As a military veteran, Turner was able to pay for his college tuition through the G.I. Bill.

25. Turner received a monthly monetary allowance through the G.I. Bill in the amount of $3,744 a month.

26. Turner's tuition payments and monetary allowance through the G.I. Bill were contingent on his enrollment in BCC.

27. Turner was walking to leave campus with his brother, Uhjoni Cruz (hereafter "Cruz") when they were stopped and approached by approximately ten officers, including Defendants Fraguada, Torres, Soto, and Irizary.

28. Some of the officers were in a marked patrol par and about three of them were in uniform.

29. Defendant Fraguada interrogated Cruz, who was wearing Turner's backpack, while Defendant Soto questioned Turner.

30. Defendant Fraguada told Cruz he was under arrest for trespassing on campus grounds after hours and two uniformed officers arrested him.

31. As officers approached Cruz, he removed the backpack and gave it back to Turner, whom the backpack belonged to.

32. Once Turner had his bag back, he then walked into the Brown Annex building on campus, followed by Defendants Soto and Velasquez. Defendant Irizary was already waiting for them inside the building.

33. The Defendants continued to coerce Turner into allowing them to search his bag.

34. The Defendants searched Turner's bag and recovered two weapons.

35. The Defendant Officers then brought Turner into the Public Safety Department's offices and put him in a holding cell.

36. Defendant Soto then obtained a statement from Turner prior to any *Miranda* warnings.

37. The Defendant Safety Officers brought Turner to the 46th Precinct where he was interrogated by Defendant Irizary and Defendant Seligson and gave a videotaped statement.

38. All of Turners' statements were involuntary.

39. Turner was held for approximately two days when he was brought to Bronx County Central Booking prior to seeing a Judge on October 24, 2015.

40. On October 24, 2015, Plaintiff Turner was arraigned in Bronx County Criminal Court and was charged with Criminal Possession of a Weapon in the Second Degree, Criminal Possession of a Weapon On School Grounds, Criminal Possession of a Firearm, and Criminal Possession of a Weapon in the Fourth Degree.

41. Bail was set at $5,000.00, to which Plaintiff Turner was unable to make bail immediately.

42. A pretrial hearing was held in May 2018.

43. The Honorable Lester B. Adler, Supreme Court Justice of the Supreme Court of the State of New York, County of Bronx, issued a Decision and Order on May 18, 2018 ruling that Tuner did not voluntarily consent to the search, that Turner's two noticed statements must be suppressed as well all other statements given, and that all physical evidence recovered from the search was to be suppressed.

44. On September 4, 2018, the Bronx County District Attorney dismissed all of the charges against Turner.

45. Turner was forced to appear in court approximately forty times.

46. Bronx Community College suspended Turner due to the false charges filed against him.

47. Turner was forced to forfeit approximately $134,784.00 in Veterans benefits because he was no longer able to attend school.

48. Turner is forced to pay back approximately $10,431.00 in Veterans benefits for not having completed his coursework for the Fall 2015 Semester.

49. Turner is forced to pay back the tuition for the Fall 2015 Semester for not having completed his coursework.

50. Turner lost opportunities as a member of the Army Reserves due to the false arrest, unlawful search, and malicious prosecution.

51. Turner was unable to be promoted in the Reserves and a legal flag was placed on his record due to the aforementioned false arrest, unlawful search, and malicious prosecution.

52. Bronx Community College Public Safety Department and the named Defendant Public Safety Officers did not use the best practices in Law Enforcement and Professional Security Management when they illegally searched Turner and falsely arrested him.

53. The Defendant Public Safety Officers are sworn law enforcement under Criminal Procedure Law 2.10 subsection 79 and have the power to make arrests in compliance with New York State Criminal Procedure Law.

54. The Defendant Public Safety Officers receive training in accordance with the New York State Division of Criminal Justice Services.

55. Defendant NYPD elicited illegal statements from Turner and procured an unlawful arrest.

56. The aforesaid violations of Plaintiff's rights are not an isolated incident. Defendant City of New York is aware from lawsuits, notices of claim and complaints that many members of the NYPD are insufficiently trained on the proper way to investigate and prosecute crimes.

57. Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, the City of New York has failed to take corrective action. This failure caused the Defendants to violate Plaintiff's rights and injure Plaintiff.

58. Moreover, Defendant City of New York was aware prior to the incident that the individual Defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be

employed. Despite such notice, Defendant has retained these individuals, and failed to adequately train and supervise them.

59. At all times Defendant City of New York by the NYPD and its agents, servants and/or employees, carelessly, and recklessly trained the individual defendants for the position of police officers.

60. At all times Defendant City of New York by the NYPD and its agents, servants and/or employees, carelessly, and recklessly supervised, controlled, managed, maintained and inspected the activities of the individual defendants.

61. The injuries sustained by Plaintiff were caused by and as a result of the malicious, reckless, and/or intentional conduct of Defendant City of New York and the NYPD, and its agents, servants and/or employees, as set forth above, without provocation on the part of Plaintiff contributing thereto, specifically the reckless manner in which said Defendant hired, trained, supervised controlled, managed, maintained, inspected and retained the individual defendants.

**FIRST CAUSE OF ACTION**
42 U.S.C. § 1983 – False Arrest
(Against the Individual Public Safety Officer Defendants and the Individual NYPD Officer Defendant)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove as if more fully set forth at length herein.

63. By the above, and by arresting Turner, unreasonably seizing him, and unlawfully searching his property, the Public Safety Officer Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

8

64. The acts and conduct of the individual Defendants were the direct and proximate cause of the damages alleged herein.

65. The individual Defendants acted under pretense and color of state law and in their individual and official capacities and/or within the scope of their respective employments with Bronx Community College, which is an entity under the auspices of the State of New York and the NYPD, which is an entity under the City of New York. Said acts by the individual Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

**SECOND CAUSE OF ACTION**
Federal Malicious Prosecution
(Against All Defendants)

66. Plaintiff repeats and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set forth at length herein.

67. Defendants are liable to Plaintiff for malicious prosecution because they lacked probable cause to believe that that the prosecution against Plaintiff could succeed and instead pursued their prosecution of Plaintiff for an excessive period of time when it was known or should have been known that Defendants lacked evidence to proceed at trial.

68. The acts and negligence of the Defendants in falsely charging, imprisoning, and maliciously prosecuting Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause injuries in violation of Plaintiff's constitutional rights guaranteed

under the Fourth and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION
Monell Claim
(Against Defendants City of New York and NYPD)

87. Plaintiff repeats and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set forth at length herein.

88. The aforesaid violations were proximately caused by one or more policies, practices and/or customs of Defendant City of New York and Defendant NYPD, including but not limited to, unlawful searches and seizures, false arrests, imprisonment and detentions, and malicious prosecution without justification, probable cause, or due process required under the Fourth and Fourteenth Amendments.

89. The Defendants' widespread constitutional abuses have flourished as a result of, and are directly and proximately caused by policies, practices and/or customs devised, implemented and enforced by the City of New York and the NYPD.

90. The City of New York and the NYPD were aware of, permitted, tolerated, and were deliberately indifferent to said acts of misconduct.

91. On information and belief, it was the police, practice and/or custom of the City of New York and the NYPD of failing to train, supervise and/or discipline its officers.

92. But for the City of New York and the NYPD's deliberate indifference in failing to adequately provide screening, training, supervision, and discipline of its officers, the innocent Plaintiff would not have been prosecuted or charged for the crimes he was alleged to have committed.

93. The City of New York and the NYPD, acting under color of State law, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

94. As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

### FOURTH CAUSE OF ACTION
Negligent Hiring, Training, Supervision, Discipline, Monitoring, and Retention
(Against Defendants City of New York and NYPD)

95. Plaintiff repeats and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set forth at length herein.

96. The City of New York, through its police department, owed a duty of care to Plaintiff to prevent the injuries sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that injuries to Plaintiff or to those in a like situation would probably result from the aforementioned conduct.

97. Upon information and belief, the NYPD Officer Defendants and the Public Safety Officer Defendants were unfit and incompetent for their positions.

98. Upon information and belief, the City of New York's negligence in hiring, training, disciplining, and retaining the NYPD Officer Defendants proximately caused Plaintiff's injuries.

### FIFTH CAUSE OF ACTION
Respondeat Superior
(Against Defendants City of New York)

99. Plaintiff repeats and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set forth at length herein.

100. The individual NYPD Officer Defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described

acts against Plaintiff, including but not limited to false arrest, false imprisonment, unlawful search and seizure, and malicious prosecution.

101. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

### SIXTH CAUSE OF ACTION
Failure to Intervene
(Against All Individual Defendants)

102. Plaintiff repeats and realleges each and every allegation contained in the paragraphs hereinabove, as if more fully set forth at length herein.

103. By their conduct acting under color of law, Defendant NYPD Officers and Defendant Public Safety Officers each had opportunities to intercede on behalf of Plaintiff to prevent the unlawful search and seizure, false arrest, false imprisonment, and malicious prosecution, but due to their intentional conduct or deliberate indifference, they declined and/or refused to do so.

104. By reason of the above, Plaintiff has suffered the aforesaid injuries.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

(A)   an order granting compensatory damages in an amount to be determined at trial;

(B)   an order awarding punitive damages against individual Defendant Public Safety Officers and individual Defendant NYPD Officer Seligson in an amount to be determined at trial;

(C)   an order awarding Plaintiff reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

(D)   an order awarding such other further relief as the Court may deem just and proper.

DATED:  New York, New York
        October 19, 2018

                                                                                         _____
SARA L. ABIBOUTROS, ESQ.
*Attorneys for Plaintiff*
Liakas Law, P.C.
65 Broadway, 13th Floor
New York, New York 10006
(212) 937-7765